IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 2:12-CV-44-FL

| | |
|---|---|
| SHIRLEY COLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) ORDER |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE 23, 29).[1] The time for filing responsive briefs has expired and issues raised are ripe for ruling. Having carefully reviewed the administrative record and the parties' motions and memoranda, the court will deny the government's motion, and grant plaintiff's motion to remand this case for further proceedings consistent with this opinion.

## BACKGROUND

Plaintiff filed an application for a period of disability and Disability Insurance Benefits ("DIB") on December 15, 2008, alleging disability beginning April 11, 2007. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision issued October 28, 2010. On June 11, 2012, the Appeals Council denied plaintiff's request for

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on July 12, 2012, for review of the final administrative decision.

## DISCUSSION

A.     Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff may have engaged in substantial gainful employment since her alleged onset date, but did not resolve this issue where she found plaintiff not disabled in light of plaintiff's

2

residual functional capacity. R. 20. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease ("DDD") and obesity. R. 20. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. R. 21. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work involving lifting or carrying no more than four to five pound frequently and ten (10) pounds occasionally, allowing plaintiff the opportunity to alternate between sitting and standing throughout the workday, and with only occasional climbing, stooping, or balancing. R. 21. The ALJ then determined that plaintiff did not have the RFC to perform under the requirements of her past relevant work. R. 23. However, at step five, the ALJ determined that plaintiff is capable of adjusting to the demands of other employment opportunities existing in significant numbers in the national economy. R. 24. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period. R. 25.

B.  Analysis

Plaintiff contends that the commissioner's final decision must be either reversed, or the case remanded for further consideration for three reasons. First, plaintiff argues that the ALJ erred in not giving controlling weight to plaintiff's treating physician. Second, plaintiff contends the ALJ improperly assessed plaintiff's credibility regarding the extent of her pain. Third, plaintiff maintains the ALJ erred in not using the "special technique" in evaluating her claim of depression. While the court finds the ALJ gave appropriate weight to plaintiff's treating physician and properly assessed plaintiff's credibility, the court finds that the ALJ erred in not using the special technique to evaluate plaintiff's alleged depression. Therefore the court will remand to the Commissioner for further proceedings

1. The Weight Given to Dr. Fuller-Hines's Medical Opinions

Plaintiff first argues that the ALJ erred by not giving the opinions of her treating physician, Dr. Fuller-Hines – a pain specialist – controlling weight. Dr. Fuller-Hines opined that plaintiff could sit for only four hours a day and one hour at a time, and could only walk or stand for two hours a day and fifteen (15) minutes at a time, and only with a cane. R. 711-12. She also opined that plaintiff could lift or carry only five pounds frequently, and ten (10) pounds occasionally; that plaintiff could not stoop; that plaintiff's experience of pain would interfere with her concentration and attention; and that plaintiff's condition would cause her to be absent from work about three times a month. R. 711-14.

"'Although the treating physician rule generally requires a court to accord greater weight to the testimony of a treating physician, the rule does not require that the testimony be given controlling weight.'" Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (quoting Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir.1992) (per curiam)). Pursuant to the regulations promulgated by the commissioner, a treating source's opinion as to the nature and severity of a claimant's impairments is only given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with the other substantial evidence in the case record. 20 C.F.R. § 404.1527(c)(2). Thus, if the treating source's opinion is not supported by clinical evidence, or is inconsistent with other substantial evidence, it should be given "significantly less weight." Craig, 76 F.3d at 590.

In this case, the ALJ properly based her decision to give less than controlling weight to Dr. Fuller-Hines on the grounds that it was inconsistent with other substantial evidence. Notably, the ALJ noted that Dr. Fuller-Hines initially agreed with a function capacity assessment ("FCE") conducted in May of 2009 releasing plaintiff to do sedentary work. R. 23. Moreover the ALJ also

pointed out that Dr. Fuller-Hines own treatment notes indicated that plaintiff had a normal gait.[2]

Plaintiff notes that Dr. Fuller-Hines's treatment notes show plaintiff had an antalgic gait – essentially a limp – for a short period in 2008 and then during all of plaintiff's exams by Dr. Fuller Hines in late 2009 and 2010. R. 262, 266, 533, 690, 695, 702, 707. Dr. Fuller-Hines's notes, however, show plaintiff had a normal gait at every other appointment during the time period at issue. R. 258, 270, 274, 279, 283, 288, 315, 336, 503, 562, 601, 663, 669. Where Dr. Fuller-Hines opined that plaintiff was disabled not just since late 2009, but from April 11, 2007, plaintiff's normal gait is inconsistent with Dr. Fuller-Hines's opinion that plaintiff was disabled during this entire period. R. 631. The ALJ also noted that plaintiff's May 2009 FCE indicated she was capable of sedentary work and even suggested she might be capable of functioning at a higher level where her effort during the FCE was so poor as to be borderline invalid. R. 518. Accordingly the ALJ properly assigned this as a basis for according less weight to Dr. Fuller-Hines's opinions.

2. Plaintiff's Credibility

Plaintiff next asserts that the ALJ failed to properly assess plaintiff's credibility regarding the severity of her pain. "The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig, 76 F.3d at 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at.

---

[2] The ALJ also stated that Dr. Fuller-Hines's opinions are not supported by her treatment notes indicating that plaintiff had full strength in her lower extremities and no neurological deficits except in her left foot. Plaintiff argues that full strength in the lower extremities may be consistent with disabling pain, and that plaintiff's left subacute L5 and S1 radiculopathy constitutes a neurological deficit separate from the one in her left foot – a proposition the government strongly contests. The court need not, however, reach these issues where it finds on other grounds that the ALJ properly afforded less than controlling weight to Dr. Fuller-Hines's opinions.

5

595. At this second step, the ALJ considers

> not only the claimant's statements . . . but also "all [of] the available evidence," including the claimant's medical history, medical signs, and laboratory findings, any objective medical evidence . . . and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the [symptoms], and any medical treatment taken to alleviate it.

Id. (quoting 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, the ALJ articulated numerous reasons why plaintiff's complaints of pain were inconsistent with the record. The ALJ noted plaintiff's continued work activity through 2009, that plaintiff was active in her church and attended services regularly, and that she did not continue her physical therapy exercises at home. R. 23. The ALJ also noted plaintiff's lack of effort during her May 2009 FCE undermined her credibility. R. 23.

Plaintiff does not address any of these reasons given for discounting her credibility. Instead, she lists items from an over seven hundred (700) page record she claims the ALJ did not consider. Plaintiff's argument that the ALJ failed to even consider much of this evidence is undercut by plaintiff's own arguments where she asserts that the ALJ, in summarizing certain documents in her decision, did not include certain pieces of information from those very documents. Of course, the ALJ's summarization of those documents indicates the opposite, namely, that she read and considered their contents. See Aytch v. Astrue, 686 F.Supp.2d 590, 602 (E.D.N.C. 2010) ("The ALJ is not required to discuss all evidence in the record.").

In essence, by raising the evidence she raises, plaintiff asks the court to re-weigh the evidence and find her credible. The court declines to do so. "[T]he court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that

6

of the Secretary." Russell v. Barnhart, 58 F. App'x 25, 27 (4th Cir. 2003) (quotations omitted). Thus the court finds the ALJ did not err in considering plaintiff's credibility as to the extent of her pain.

   3.   Plaintiff's Depression

Plaintiff finally contends that the ALJ erred in not applying the "special technique" to assess the impact of plaintiff's alleged depression. When a claimant presents a "colorable claim" of mental impairment, an ALJ is required to follow a special technique to evaluate such impairments. 20 C.F.R. § 404.1520a(a); Sturdivant v. Astrue, 2:11-CV-53-D, 2012 WL 642541, at *4-5 (E.D.N.C., Feb. 1, 2012) (citing Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005)).

In this case, plaintiff repeatedly described herself as depressed in forms sent to the Social Security Administration. R. 184, 197, 200. The medical record also contains evidence of depression. She reported to Dr. Thai that she was sad since her April 11, 2007 injury. R. 225. Dr. Fuller-Hines requested a psychiatric consultation on July 2, 2008. R. 258. On September 18, 2008, Dr. Fuller-Hines started plaintiff on Cymbalta – an antidepressant – and plaintiff continued on Cymbalta at least through December 2008. R. 275, 279, 283, 288.[3] Plaintiff was seen by Dr. Ann Nunez on April 28, 2009, Dr. Nunez diagnosed plaintiff with depression, among other things. R. 468. Dr. Nunez noted that plaintiff was "a little tearful," R. 469, recommended plaintiff for psychotherapy and recommended that plaintiff be restarted on antidepressants, noting Cymbalta as "a good option." R. 470.

On October 8, 2009, Dr. Fuller-Hines referred plaintiff to psychology for "depression related to chronic pain." R. 679. On November 5, 2009, Dr. Fuller-Hines reported reviewing a note from

---

[3] At some point after this Cymbalta was discontinued for a time. When exactly this occurred is not clear from the record.

7

psychology[4] stating that plaintiff was severely depressed. R. 529. Dr. Fuller-Hines again referred plaintiff to psychology and restarted plaintiff on Cymbalta. R. 533. When Dr. Fuller-Hines saw plaintiff again on December 3, 2009, she noted plaintiff "has been a little calmer since starting the [C]ymbalta." R. 687. In her plan and treatment Dr. Fuller-Hines included a note to "Continue [C]ymbalta." R. 691. Dr. Fuller-Hines renewed plaintiff's prescriptions for Cymbalta on February 2, 2010, May 27, 2010, and July 23, 2010. R. 695, 702, 707. Also on July 23, 2010, Dr. Fuller-Hines noted plaintiff was tearful about plaintiff's decreased activity. R. 704.

Accordingly, the record reflects that plaintiff has made a "colorable claim" for depression and the ALJ's failure to follow the special technique was error. See Harrell v. Astrue, No. 4:06-CV-240-FL, 2008 WL 858771, at * 9-10 (E.D.N.C. Mar. 31, 2008) (remanding where the ALJ failed to follow the special technique even though plaintiff did not claim depression as an impairment on her applications, and despite the fact that the record presented no objective medical evidence that plaintiff's depression had any affect on her ability to perform work-related activities, showed that plaintiff had only seen a psychologist for half a year, and indicated that plaintiff's depression appeared to be controlled by medication).

The government argues that even if plaintiff presented a colorable claim for depression, failure to follow the special technique in this case is harmless error because a great body of evidence indicates plaintiff had no depression or other mental limitations. The court disagrees that failure to follow the proper legal standard in this case is harmless. "Under the Social Security Act, [a reviewing court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Mastro v.

---

[4] This note is not a part of the record. Dr. Fuller-Hines's treatment note says she "reviewed a note from [plaintiff's] psychology [sic] who feels that she is severely depressed and asked about an anti-depressant." R. 529.

8

Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original) (quoting Craig, 76 F.3d at 589); see also Sparrow v. Astrue, 4:09-CV-143-D, 2010 WL 2910013 (E.D.N.C. June 28, 2010) report and recommendation adopted, 4:09-CV-143-D, 2010 WL 2893607 (E.D.N.C. July 23, 2010) ("Where the claimant has presented a colorable claim of mental impairment, as here, the failure to incorporate the special technique into the ALJ's decision warrants remand for further proceedings."). The court cannot determine on this record whether the ALJ applied the proper legal standard, accordingly the court will remand this case to the Commissioner for further proceedings.

## CONCLUSION

For the reasons stated, defendant's motion for judgment on the pleadings is DENIED, plaintiff's motion for judgment on the pleadings is GRANTED, and the case is REMANDED for further proceedings. The clerk is directed to CLOSE this case.

SO ORDERED this the 1st day of August, 2013.

_____
LOUISE W. FLANAGAN
United States District Court Judge